FLOWERS *v.* STATE.

Opinion delivered June 17, 1907.

FENCING DISTRICT—SMALL STOCK.—A fencing district, under Kirby's Digest, § § 1379, 1380, may be established by the county court for the purpose of keeping out small stock, without complying with the law governing fencing districts generally.

Error to Ashley Circuit Court; *Zachariah T. Wood,* Judge; affirmed.

*T. M. Hooker,* for appellant.

*R. E. Craig* and *Geo. W. Norman,* for appellee.

HILL, C. J. This appeal involves a construction of the act of April 10, 1899, which is found in sections 1378-9 of Kirby's Digest. This act was entitled "An act to amend Sec. 1176 of Sandels & Hill's Digest, and for other purposes." Sec. 1176 of Sandels & Hill's Digest is as follows:

"The county court of any county in the State is authorized, empowered and required, on the petition of two-thirds of the landowners of any township or townships, or any fractional part thereof contiguous to each other, to form and establish a fencing district and establish the boundaries thereof in accordance with the petition, and each district shall be designated by number."

The first part of section 1 of the act in question repeats said section, and adds thereto the following:

"The petitioners shall specify in their petition what stock they wish to restrain from running at large, and the county court shall make an order restraining the stock mentioned in the petition from running at large within such district; and the fencing district law shall apply to such stock as are mentioned in the petition."

Section 2 of said act of April 10, 1899, which is section 1379 of Kirby's Digest, is as follows:

"Whenever a fencing district is established as to small stock, such as hogs, sheep, goats, etc., four barbed wires securely fastened to posts firmly set in the ground, not exceeding sixteen feet apart, the bottom wire twenty inches above the ground and the second wire ten inches above the first and the third wire twelve inches above the second and the fourth wire twelve inches above the third; or five sound rails securely fastened to posts set firmly in the ground, the top rail four feet and a half above the ground and the others properly spaced beneath, shall be a lawful fence within such district."

Although in the form of an amendment to section 1176 of Sandels & Hill's Digest, yet the new matter that was put into said act, following a repetition of said section 1176, made an independent and distinct law on the subject of fencing districts, and authorized the establishment of districts against small stock as

therein described. The authority for the creation of such districts in the form of an amendment to the first section of the general fencing district law may not have been a good method of framing such law, but the court is unaware of any constitutional inhibition against a statute being framed in this way, and it must look to the substance of what was enacted, and not the form in which it was put, to determine its force.

The General Assembly of 1901 enacted a statute supplemental to this act, providing a penalty for a violation of it. This act is digested as section 1380 of Kirby's Digest. The Digester has properly omitted the title and descriptive clauses, which recite that it is a supplemental act to the act of April 10, 1899.

The court is of opinion that the act in question is in itself sufficient to authorize the establishment of a fencing district against small stock, and the district in question was formed in compliance with it alone, and it was not necessary to comply with the law governing fencing districts generally. The later act has provided a penalty for a violation of this act, and under the undisputed facts the appellant was guilty under it.

Judgment is affirmed.